UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMAURY MENA, on behalf of himself, individually, and on behalf of all others similarly-situated,

Plaintiff,

-against-

TU TIPICO DOMINICANO CORP., TU TIPICO RESTAURANT DOMINICANO II INC., and ROBERTO RAMIREZ, individually,

Defendants.

**COMPLAINT**

**Docket No.: 26-cv-2450**

Jury Trial Demanded

Plaintiff, AMAURY MENA ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against TU TIPICO DOMINICANO CORP., TU TIPICO RESTAURANT DOMINICANO II INC. (together as, the "Corporate Defendants"), and ROBERTO RAMIREZ, individually, (together with Corporate Defendants, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1. This is a civil action for damages and equitable relief based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law

("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-1.4; (iv) the minimum wage provisions of the NYLL, NYLL § 652(1), NYCRR tit. 12, § 146-1.2; (v) the NYLL's requirement that employers pay their employees an additional one hour's pay at the minimum wage rate for those days when their employees' spread of hours exceeds ten in a workday, 12 NYCRR § 146-1.6; (vi) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); (vii) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information at the time of hire, NYLL § 195(1); and (viii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - two New York corporations that together operate as a single enterprise to run two Staten Island-based restaurants, and the enterprise's owner and day-to-day overseer - - as a non-managerial dishwasher and delivery driver, from in or around March 2024 until on or about September 14, 2024. As described below, throughout Plaintiff's employment, Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL. Specifically, Defendants routinely required Plaintiff to work, and Plaintiff did in fact work, in excess of forty hours each week, or virtually each week, throughout his employment. Yet, in exchange for his work, Defendants paid Plaintiff a flat weekly salary that failed to compensate him at least at the applicable minimum wage rate for each hour worked, and failed to compensate him at the statutorily-required overtime rate of one and one-half times his regular rate of pay, or the minimum wage, if greater, for the hours that he worked each week in excess of forty.

3. Additionally, Defendants further violated the NYLL and/or the NYCRR by failing to provide Plaintiff with: a spread of hours premium of one hour's pay at the minimum wage rate

for those days when Plaintiff's shift exceeded ten hours from beginning to end; any wage statement on each payday, let alone an accurate one; or any wage notice at hire, let alone an accurate one.

4. Defendants paid and treated all of their non-managerial employees in this same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

9. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10. At all relevant times herein, Defendant Tu Tipico Dominicano Corp. was and is a New York corporation with its principal place of business located at 1195 Castleton Avenue, Staten Island, New York 10310, and which is registered with the New York State Department of State to receive service of process at that same address.

11. At all relevant times herein, Tu Tipico Restaurant Dominicano II Inc. was and is a New York corporation, with its principal place of business located at 174 South Avenue, Staten Island, New York 10303, and which is registered with the New York State Department of State to receive service of process at that same address.

12. At all relevant times herein, Defendant Ramirez, was and is the owner and day-to-day overseer of the Corporate Defendants, who in that role personally managed and oversaw, and continues to manage and oversee, the day-to-day operations of the business, and who was and is ultimately responsible for all matters with respect to hiring and firing employees, determining employees' rates and methods of pay, and employees' schedules, including those matters with respect to Plaintiff.

13. At all relevant times herein, Corporate Defendants operated as a single enterprise in that: Defendant Ramirez owned, operated, and oversaw the Corporate Defendants; the Corporate Defendants, at Ramirez's express direction, interchangeably shared employees and equipment such as food, cookware, and boxes, to carry out the needs of the business; and the entities are commonly owned and controlled financially by Ramirez.

14. At all relevant times herein, Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally, at all times relevant to the FLSA, Defendants' qualifying annual business exceeded and exceeds $500,000.00, and Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they employed and employ two or more employees, operate a business that purchases and sells numerous products that have moved across state lines, such as flour, butter, oil, and other ingredients for use in their restaurants. Defendants also accept payments in cash that naturally moves across state lines and accepts credit cards as a form of payment based on cardholder agreements with out-of-state companies. The combination of all of these factors subjects Defendants to the FLSA's overtime requirements as an enterprise.

**COLLECTIVE ACTION ALLEGATIONS**

15. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation, minimum wages, and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendants who during the applicable FLSA limitations period performed any work for Defendants, and who consent to file a claim to recover damages for overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

16. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per

workweek in excess of forty; and (6) were not paid at least at the required minimum wage rate for all hours worked.

17. At all relevant times herein, Defendants were aware of the requirement to pay non-exempt employees, including Plaintiff and all FLSA Plaintiffs, at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, and at least at the minimum hourly wage rate for each hour worked, yet they purposefully and willfully chose and continue to choose not to do so. Indeed, Plaintiff lodged multiple complaints, specifically to Defendant Ramirez, that Defendants were not properly compensating him for his hours worked in accordance with the law, but Defendants continued to not pay him at least at the minimum wage rate for all hours that he worked, nor overtime premiums for the hours that he worked in excess of forty each week.

18. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, and at least at the minimum wage rate for all hours of work, in violation of the FLSA.

**RULE 23 CLASS ALLEGATIONS**

19. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, individually, as well as on behalf of all those who are similarly-situated whom Defendants have subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

20. Under FRCP 23(b)(3), a plaintiff must plead that:

a. The class is so numerous that joinder is impracticable;

b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

c. Claims or defenses of the representative are typical of the class;

d. The representative will fairly and adequately protect the class; and

e. A class action is superior to other methods of adjudication.

21. Plaintiff seeks certification of the following FRCP 23 class:

> Current and former non-managerial employees, who during the applicable NYLL limitations period, performed any work for Defendants in New York ("Rule 23 Plaintiffs").

<u>Numerosity</u>

22. During the relevant statutory period, Defendants have employed, in total, at least forty employees that are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

23. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants required each Rule 23 Plaintiff to work in excess of forty hours per week; (3) whether Defendants compensated the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty; (4) whether Defendants compensated the Rule 23 Plaintiffs at the legally-mandated minimum wage for all hours worked; (5) whether Defendants compensated the Rule 23 Plaintiffs with spread-of-hours pay for those days when their shift exceeded ten hours from beginning until end; (6) whether Defendants furnished the Rule 23 Plaintiffs with a wage statement on each payday that accurately contains the

information NYLL § 195(3) requires; (7) whether Defendants maintained and continue to maintain records with respect to each hour that the Rule 23 Plaintiffs worked; (8) whether Defendants have furnished the Rule 23 Plaintiffs with a wage notice at hire that accurately contains the information that NYLL § 195(1) requires; (9) whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (10) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (11) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

24. As described in the "Background Facts" section below, Defendants have employed Plaintiff and Rule 23 Plaintiffs as non-managerial employees. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendants in New York, in excess of forty hours per week, yet Defendants have routinely failed to pay them at the statutorily-required rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage, if greater, for all hours worked in a week in excess of forty, and failed to compensate them at the required minimum wage rate for all hours worked, and did not pay them spread-of-hours premiums at the required minimum wage rate for each day when their shift exceeded ten hours from beginning to end, while also failing to provide them with an accurate wage statement on each payday or with an accurate wage notice upon hire. Plaintiff and the Rule 23 Plaintiffs enjoy the same rights under the NYLL to receive overtime wages at the statutorily-required rate of one and one-half times their regular rates of pay, or one and one-half times the minimum wage, if greater, for all hours worked each week over forty, and to be paid at least at the required minimum wage rate for all hours worked, and to receive an additional hour's pay when their spread-of-hours exceeds ten in a

workday, and to be furnished with an accurate wage statement on each payday and with an accurate wage notice at hire. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations. Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

<u>Adequacy</u>

25. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. Defendants did not pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay, or one and one-half times the minimum wage, if greater, for all of his hours worked over forty in a week, and did not pay him at least at the required minimum wage rate for all hours worked, and did not provide him with spread-of-hours premiums when his spread-of-hours exceeded ten in a workday, and also did not furnish him with an accurate wage statement on each payday or with an accurate wage notice at his time of hire, which is substantially similar to how Defendants have paid and treated the Rule 23 Plaintiffs. Plaintiff is no longer employed with Defendants and thus has no fear of retribution for his testimony. Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to him. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

26. Additionally, Plaintiff's counsel has substantial experience in this field of law.

Superiority

27. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

28. Any lawsuit brought by any non-managerial employees of Defendants for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

29. Accordingly, the means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

**BACKGROUND FACTS**

30. Corporate Defendants, as described above, are two legally distinct entities that together operate as a single enterprise to run two Staten Island-based restaurants, located at 1195 Castleton Avenue, Staten Island, New York, and 174 South Avenue, Staten Island, New York.

31. Defendant Ramirez is the Corporate Defendants' owner and day-to-day overseer, who, in that role, controls the terms and conditions of employment for all of its employees, in that he has and exercises the power to hire and fire all employees, supervises and controls employee work schedules, determines the rate and method of wages paid to all employees, and was and is responsible for maintaining employment records. To that end, Ramirez personally hired Plaintiff, set Plaintiff's rate of pay, determined his weekly schedule, terminated Plaintiff, and should have maintained Plaintiff's employment records.

32. Plaintiff worked for Defendants as a non-managerial dishwasher and delivery driver from in or around March 2024 until on or about September 14, 2024. Plaintiff primarily

performed his work at Defendants' restaurant located at 1195 Castleton Avenue, Staten Island, New York.

33. As a non-managerial dishwasher and delivery driver, Plaintiff's primary job duties consisted of washing dishes, maintaining the cleanliness of the kitchen, delivering food, and occasionally assisting with preparation of food.

34. Throughout his employment, Defendants required Plaintiff to work, and Plaintiff generally did work, seven days per week, from approximately 11:00 a.m. until approximately 11:00 p.m., without any uninterrupted break during each shift, for a total of approximately eighty-four hours per week.

35. Throughout Plaintiff's employment, Defendants paid Plaintiff at a flat weekly salary of $120.00 regardless of the number of hours that he worked. Thus, at no time throughout Plaintiff's employment did Defendants pay Plaintiff at the rate of one and one-half times his regular rate of pay, or one and one-half times the minimum wage, if greater, for any hours that he worked in excess of forty each week, nor did Defendants pay Plaintiff at least at the required minimum wage rate for all hours that he worked. Additionally, Defendants failed to compensate Plaintiff with an additional hour's pay at the applicable minimum wage rate for each day when his spread-of-hours exceeded ten in a work day, which was virtually every workday.

36. By way of example only, for the week of June 14 through June 20, 2024, Defendants required Plaintiff to work, and Plaintiff did work, a total of approximately eighty-four hours, according to the following schedule, without any uninterrupted breaks, throughout the week:

Friday, June 14, 2024: 11:00 a.m. to 11:00 p.m.;

Saturday, June 15, 2024: 11:00 a.m. to 11:00 p.m.;

Sunday, June 16, 2024: 11:00 a.m. to 11:00 p.m.;

Monday, June 17, 2024: 11:00 a.m. to 11:00 p.m.;

Tuesday, June 18, 2024: 11:00 a.m. to 11:00 p.m.;

Wednesday, June 19, 2024: 11:00 a.m. to 11:00 p.m.; and

Thursday, June 20, 2024: 11:00 a.m. to 11:00 p.m.

In exchange for his work that week, Defendants paid Plaintiff at his flat weekly salary of $120.00. Thus, Defendants failed to pay Plaintiff at least at the applicable minimum wage of $16.00 for each of his hours worked that week, and failed to pay Plaintiff at his overtime rate of $24.00 for each of the forty-eight hours that he worked in excess of forty hours that week. Additionally, Defendants failed to pay Plaintiff an additional hour's pay at the applicable minimum wage rate that week for each of the seven days where his spread-of-hours exceeded ten in a workday.

37. Defendants paid Plaintiff on a weekly basis, in cash.

38. On each occasion when Defendants paid Plaintiff, Defendants failed to furnish Plaintiff with a wage statement that accurately listed, *inter alia*, his hours worked, his regular and overtime rates of pay, and his regular and overtime wages owed. Defendants' failure to provide Plaintiff with a proper wage statement deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and contributed to the underpayment of wages as asserted herein.

39. Additionally, at his time of hire, Defendants failed to provide Plaintiff a wage notice that accurately listed, *inter alia*: Plaintiff's regular and overtime rates of pay; whether Plaintiff would be paid by the hour, salary, or in another manner; any allowances claimed; the regular payday designated by Defendants; the name of Defendants; any "doing business as" names used by Defendants; the physical address of Defendants' main office or principal place of business, and

a mailing address if different; and Defendants' telephone number. Defendants' failure to provide Plaintiff with a proper wage notice deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive, and contributed to the underpayment of wages as asserted herein.

40. Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

41. Defendants acted in the manner described herein to maximize their profits and minimize their labor costs and overhead.

42. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS

*Unpaid Overtime Under the FLSA*

43. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

45. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

46. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

47. Defendants willfully violated the FLSA.

48. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

49. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Minimum Wages Under the FLSA*

50. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

51. 29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

52. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

53. As also described above, Defendants failed to compensate Plaintiff and FLSA Plaintiffs at least at the minimum hourly rate that the FLSA requires for all hours worked.

54. Defendants willfully violated the FLSA.

55. At the least, Plaintiff and FLSA Plaintiffs are entitled to the minimum rate of pay that the FLSA requires for all hours worked each week.

56. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the NYLL and the NYCRR*

57. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

58. NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

59. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

60. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

61. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

62. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Minimum Wages Under the NYLL and the NYCRR*

63. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64. NYLL § 652(1) and 12 NYCRR § 146-1.2 prescribe a minimum wage that employers must pay to their employees for each hour worked.

65. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, were and/or are employees within the meaning of the NYLL and the NYCRR.

66. As also described above, Defendants failed to compensate Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, at least at the minimum hourly rate that the NYLL and the NYCRR require for all hours worked.

67. At the least, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to the minimum rate of pay that the NYLL and the NYCRR require for all hours worked.

68. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Violation of the NYCRR's Spread of Hours Requirements*

69. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

70. 12 NYCRR § 146-1.6 provides that an employee shall receive one extra hour's pay at the minimum hourly wage rate for any day worked in which the spread-of-hours exceeds ten from beginning to end.

71. As also described above, Defendants failed to provide Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with spread-of-hours pay on each day when their spread-of-hours exceeded ten.

72. As a result, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to recover an hour's pay at the minimum wage rate, for all days during which their spread of hours worked exceeded ten from beginning to end.

73. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYCRR's spread of hours provisions.

**SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

74. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

75. NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

76. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

77. As also described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with a wage statement that accurately contained all of the criteria that the NYLL requires.

78. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $250.00 for each workday that each violation occurred, up to a statutory cap of $5,000.00 per person.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS

*Failure to Furnish Accurate Wage Notice in Violation of the NYLL*

79. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

80. NYLL § 195(1) requires that employers furnish employees with a wage notice that contains accurate, specifically enumerated criteria at the time of hire.

81. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

82. As also described above, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with a wage notice that accurately contained all of the criteria that the NYLL requires.

83. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $50.00 for each workday after each violation initially occurred, up to a statutory cap of $5,000.00 per person.

## DEMAND FOR A JURY TRIAL

84. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and authorizing the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

f. Awarding all damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

g. Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

h. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

i. Designation of Plaintiff and his counsel as collective and class action representatives under the FLSA and the FRCP;

j. Awarding pre-judgment and post-judgment interest, as provided by law; and

k. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
March 25, 2026

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

By: ______________________________

ANDREW C. WEISS (5560537)
MICHAEL J. BORRELLI (MB 8533)